FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 11 2018

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLORADO

| | |
|---|---|
| MOHAMMAD SALAMEH<br><br>Plaintiff,<br><br>v.<br><br>ANDRE MATEVOUSIAN,<br>Florence Complex Warden<br><br>Defendant. | Plaintiff's Motion For An Injunction Relief By This Court To Stop And Prevent Defendant From Continuous Incommunicado Against Plaintiff And From Further Retaliatory Actions Against Plaintiff Until Plaintiff Finishes Filing And Exhausts All Administrative Remedies Available. |

In this Court, Plaintiff Mohammad Salameh, a Federal prisoner since March 1993, who is serving a prison sentence of 116 years, 11 months, and has been incarcerated at the ADX Supermax prison in Florence, Colorado, since October 2002, and currently at the Step-Down Program ("SDP") Unit in U.S.P. Florence, Colorado, since August 17, 2017.

On October 18, 2018, Defendant Matevousian, the Florence Correctional Complex Warden, placed Plaintiff on incommunicado status by stripping Plaintiff from ALL access to telephone, email, electronic law library [1] (ELL), non-legal computer including requests to staff and electronic Sexual Abuse Complaints to the Office of Inspector General (O.I.G), and possibly the Outgoing non-legal mail. Defendant has done all that without a due process or a memo or a notification of restriction and without a violation from Plaintiff to the BOP or Institution rules. Defendant Matevousian by doing so he violated Plaintiff's First, Fifth, Fourteenth Amendment rights, and possibly the Eighth Amendment right because of the totality of the restrictions which caused Plaintiff tremendous psychological and mental pain and suffering.

---

[1] On October 30, 2018, defendant restored access to ELL for Plaintiff.

Defendant Matevousian on October 30, 2018, had admitted to Plaintiff that Plaintiff had done nothing wrong to justify such action against Plaintiff. Plaintiff is the only prisoner in the "SDP" Unit treated that way, and possibly in the whole Federal Correctional Complex ("FCC") in Florence, Colorado.

Defendant Matevousian by stripping Plaintiff from ALL access to telephone, email, non-legal computer, and possibly the outgoing non-legal mail, Defendant discriminates against Plaintiff who is entitled and has the right to Equal Protection of the laws, at least with the similar situated prisoners.

Defendant by placing Plaintiff on incommunicado status unnecessarily and with No due process with No end or relief in the horizon reduces or kills Plaintiff's chances to be transferred out of the ADX "SDP" to another U.S.P. as every prisoner had, especially when Plaintiff has fulfilled ALL requirements of the "SDP". Defendant is using the incommunicado status, which he himself imposed on Plaintiff, to deprive Plaintiff the chance to be transferred out of the ADX after over sixteen (16) years in.

Defendant's undeclared reason behind placing Plaintiff on incommunicado status is Plaintiff's contact with a Journalist and News Reporter Aviva Stahl from New York about Plaintiff's history and experience of hunger strike and forced-feedings while incarcerated at the ADX, particularly the years of 2005, 06, 07, 08, 09, 10, and 2015. Journalist Aviva Stahl is investigating forced-feedings during hunger strikes at the ADX Supermax prison. Plaintiff's communications with Journalist Aviva Stahl about his own hunger strikes and forced-feedings are within the BOP and institution policies, rules and regulations, and guaranteed by the First, Fifth and Fourteenth Amendments. The Department of Justice has released to Journalist Stahl all Plaintiff's Medical Record from January 2005 through December 2015, in addition to Plaintiff's Administrative Remedies on hunger strikes.

Prior to Plaintiff's communications with Journalist Aviva Stahl, which started in October 2017, Plaintiff received an approval from BOP for Journalist Aviva Stahl's telephone number and email address, and both of Ms. Stahl's phone number and email address are in Plaintiff's approved lists and under Ms. Stahl's committed name and mailing address.

Plaintiff would like to remind the Court that Defendant may try to retaliate against Plaintiff by removing him from the Step-Down Program and send him back to the ADX, or by delaying Plaintiff's transfer out of the "SDP" to another U.S.P beyond the time limit set by the Institution Supplement FLM 5321.07(1)B for "General Population and Step-Down Unit Operations". And according to the Institution Supplement Plaintiff time in the "SDP" will be concluded on January 17, 2019.

Defendant Matevousian by stripping Plaintiff from all access to phone, email, non-legal computer, and possibly the outgoing non-legal mail, Defendant has abused his authority and his discretion, in addition to his discrimination against Plaintiff unnecessarily and unjustifiably.

Why this Court should grant Plaintiff's Motion For Injunction Relief?

1. Because the harm and violation to Plaintiff's rights is an ongoing action, it's not something has been done and over.

2. Plaintiff has filed the first Administrative Remedy at the Institution level (BP-9) on November 5, 2018, and the BP-9 response due December 15, 2018. The BP-9's ID# is 958897-F1. And if the Warden responses on timely manner, which is unlikely, still Plaintiff has to file the Regional and Central Administrative Remedies (BP-10 & BP-11), which can take up to five or six months, while Plaintiff is deprived of all access to phone, email, ...etc. which is very

-3-

unfair to Plaintiff, and cause him more harm by delaying his transfer out of the ADX or even worse.

(3.) Plaintiff is going to file his civil action on Defendant's actions against him as soon as Plaintiff exhausts all the administrative remedies on all levels.

(4.) There is a reason for Plaintiff to believe that Defendant won't return ALL access to telephone, email, non-legal computer, and possibly the outgoing non-legal mail to Plaintiff simply because Plaintiff filed a BP-8 (Informal Complaint) on October 20, 2018, and a BP-9 on November 5, 2018 demanding the restoration of ALL access to phone, email, non-legal computer, electronic law library,...etc. to Plaintiff, all that with NO result or response from Defendant, with NO INJUNCTION ORDER from this Court.

ACCORDINGLY, Plaintiff seeks an Injunction Order from this Court to Defendant Andre Matevousian to restore Plaintiff's access to phone, email, non-legal computer and outgoing non-legal mail immediately, and to restore ALL Plaintiff's contacts of all previously approved phone numbers and email addresses, and to prevent Defendant from further discrimination against Plaintiff, abuse of authority, and from any retaliatory action against Plaintiff.

In Florence, Colorado, on the 4th day of December 2018.

Respectfully submitted,

Moh'd

Mohammad Salameh
#34338-054
U.S.P. Florence
P.O. Box 7000
Florence, CO 81226-7000
Pro se